IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JUL - 6 2006

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| RANDALL HERMAN, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. B-05-185 |
| UNITED STATES OF AMERICA, | § § | |
| Defendant. | § § | |

## OPINION & ORDER

BE IT REMEMBERED that on July _5_, 2006, the Court **GRANTED** the Defendants' Unopposed Motion to Extend Mediation Deadline and Order Mediation. Dkt. No. 27.

An extension of the mediation deadline constitutes a modification of the Court's scheduling order. Amendment of a court's scheduling order is governed by the Federal Rules of Civil Procedure. "Both Rule 16 and the Reform Act clearly establish that district judges are under an obligation to manage civil cases to ensure, in part, their speedy resolution." Chiropractic Alliance of N.J. v. Parisi, 164 F.R.D. 618, 621 (D.N.J. 1996). Under Rule 16, "A schedule shall not be modified except upon a showing of good cause and by leave of the district judge." FED. R. CIV. P. 16(b) (2005).

"The 'good cause' standard focuses on the diligence of the party seeking an extension of pretrial deadlines." Alton Crain v. Texas Can!, 2005 U.S. Dist. LEXIS 17111, *4 (N.D. Tex. 2005) (citation omitted); *see also* Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am., 2005 U.S. App. LEXIS 19698, *28 (7th Cir. 2005) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)). Absence of prejudice to the non-moving party is not sufficient to establish

good cause. *See Alton Crain*, 2005 U.S. Dist. LEXIS at *4; *Jones v. J.C. Penney's Dep't Stores, Inc.*, 2005 U.S. Dist. LEXIS 17464, *4 (W.D.N.Y. 2005). Rather, the moving party must show that, despite acting diligently, it was still (or will still be) unable to meet the deadline.

In this case, the parties request an amendment to the mediation deadline because "the parties believe they will be in a better position to enter into meaningful negotiations" after receiving the results of an independent medical examination of the Plaintiff. Dkt. No. 27, at 1. Defendant states that "the parties have exchanged discovery," that Plaintiff has undergone a medical examination, and that the report of the medical examination is expected by no later than July 20, 2006. *Id.*

The Court finds that the parties have been diligent in their efforts to meet the deadlines imposed by the scheduling order. The parties have engaged in discovery and have been working to resolve their case. *Id.* Because of the necessity of a medical examination, however, they were unable, despite their diligence, to meet the current deadline. Therefore, the Court concludes that there is good cause for the requested modification.

Based on the foregoing reasons, the Court **GRANTS** the Defendants' Unopposed Motion to Extend Mediation Deadline and Order Mediation. Dkt. No. 27. The scheduling order will therefore be amended to reflect a mediation deadline of September 1, 2006. An amended scheduling order will be issued separately from this Opinion & Order.

DONE at Brownsville, Texas, this 5th day of July, 2006.

Hilda G. Tagle
United States District Judge